UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62068-RAR/Strauss

**CHRISTIN BILOTTI**,

    Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Respondent.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared Strauss's Report and Recommendation ("Report"), [ECF No. 13], filed on April 5, 2023. The Report recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"), [ECF No. 1], filed by Petitioner, Christin Bilotti, on November 7, 2022. *See* Report at 1, 41. The Report properly notified Petitioner of her right to object to Magistrate Judge Strauss's findings. *Id.* at 41–42. Petitioner timely filed objections to the Report ("Objections"), [ECF No. 14], on April 19, 2023. The Court having carefully reviewed the Report, the Objections, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Report, [ECF No. 13], is **AFFIRMED AND ADOPTED** as explained herein.

**LEGAL STANDARD**

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v.*

*Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## ANALYSIS

Upon due consideration of the record, including Judge Strauss's Report and Petitioner's Objections thereto, the Court overrules the Objections and adopts the Report.  In her Petition, Bilotti seeks relief based on three grounds: (1) defense counsel provided ineffective assistance of counsel by failing to properly preserve the issue related to the State's religion-based strike for direct appeal ("Ground 1"); (2) defense counsel provided ineffective assistance of counsel by failing to argue that the jury was erroneously instructed on the charge of second degree murder ("Ground 2"); and (3) appellate counsel provided ineffective assistance of counsel by failing to argue on direct appeal that the trial court erred by accepting the jury's legally inconsistent verdicts ("Ground 3").  The Report recommends this Court deny the Petition on all three grounds.  Petitioner objects to the Report's analysis on all grounds.  A careful review of the Report and underlying record clearly indicates that Magistrate Judge Strauss properly analyzed the relevant law in this case while giving due deference to the state court as mandated by AEDPA.

The Objections do not take issue with the Report's legal standard analysis as to the deference owed to state courts under AEDEPA, Rep. at 4–7, nor the Report's timeliness analysis, Rep. at 10–14.  Upon review for plain error, the Court finds none and adopts these sections of the Report.  Since the Objections address each of the initial three grounds upon which Bilotti's Petition relies, the Court addresses each in turn.

A. Ground 1

Reviewing the Ground 1 Objections *de novo*, the Court agrees with the Report and denies the Petition as to Ground 1. As the Report states, Ground 1 involves defense counsel's objection during jury selection to a peremptory strike of a prospective juror on the basis of race and/or religion. Rep. at 15. Days after the peremptory strike, but before the jury was sworn, defense counsel filed a motion seeking relief based on the State's peremptory strike, arguing that the strike impermissibly sought to excuse the juror on the basis of her religion. *Id.* The trial court denied the motion. Petitioner appealed, but ultimately Petitioner was unsuccessful in challenging the State's religion-based strike on direct appeal because defense counsel failed to preserve the issue. *Id.* Thus, Ground 1 concerns the failure of trial counsel to preserve a *Batson* challenge for appeal. *See Batson v. Kentucky*, 476 U.S. 79, 96–98 (1986).

As the Report correctly observed, the state court's rationale for denying postconviction relief on the peremptory strike issue was that Petitioner failed to establish prejudice. Rep. at 16. The Report explains, "[i]n finding that Petitioner failed to establish prejudice, the state court relied on Florida Supreme Court precedent holding that to be entitled to postconviction relief on an ineffective assistance of counsel argument related to the failure to preserve an issue concerning the striking of a juror, *Strickland*'s prejudice prong must be established by showing that a biased juror served on the jury. *Id.* (citing R. 410–14 (quoting *King v. State*, 211 So. 3d 866, 886-87 (Fla. 2017); *Carratelli v. State*, 961 So. 2d 312, 324 (Fla. 2007))). The Report concludes that the state court's denial of relief on the basis that Petitioner failed to demonstrate that a biased juror was seated on the jury was a reasonable determination. *Id.* at 17. The Court agrees.

In both her Petition and Objections, Petitioner argues that the relevant prejudice inquiry here is whether trial counsel's failure to preserve the religious-based objection to the State's peremptory strike prejudiced Petitioner's *appeal*, as opposed to whether it prejudiced Petitioner's

*trial*. In support of this argument, Petitioner relies on *Davis v. Secretary for Department of Corrections*, which held that under the narrow circumstances of that case, trial counsel may act in an appellate role when counsel fails to preserve a *Batson* challenge, and therefore trial counsel's negligence may impact the potential for success on *appeal*. *Id.* at 18 (citing *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310 (11th Cir. 2003)).

The Report concluded, "if this Court were the first court reviewing the issue of prejudice (meaning if the state court had not addressed the issue), it would be bound by *Davis* to find prejudice (assuming trial counsel's failure to preserve the religious based objection to the State's peremptory challenge qualifies as deficient performance)." Rep. at 19–20. However, the state court has already reviewed this issue and denied the Petition on these grounds based on conflicting state court cases. *Id.* at 20. The Court agrees with the Report's conclusion that "[b]ecause the state court's decision to follow Florida Supreme Court decisions that it was bound to follow (and that were not contrary to clearly established federal law) was undoubtedly reasonable (and compelled), this Court owes AEDPA deference to that decision." *Id.* at 21 (internal quotation omitted). Considering these arguments *de novo*, the Court agrees with the Report and adopts its reasoning.

Relatedly, Petitioner argues in her Objections that if this Court finds that deference is owed to the state courts, "then Bilotti must still be afforded the opportunity to develop the bias of a seated juror." Obj. at 5. The Court will not provide this additional opportunity. As the Report recognized, in her Petition, Bilotti still does not identify which, if any, jurors were biased. The Report states, "Petitioner points to absolutely nothing in the *voir dire* record to provide any indication that any juror was actually biased against her, must less a juror who was seated because of trial counsel's error." Rep. at 23. The Court agrees with the Report that "[h]er failure to do so

is fatal to her claim, and importantly, confirms that the state court reasonably found that Petitioner failed to establish actual bias." *Id.*

Finally, Petitioner does not object to the portion of the Report's Ground 1 analysis that concludes Petitioner failed to establish deficient performance of counsel. The Court finds no clear error with the Report's analysis regarding this conclusion. Accordingly, as the Report recommends, Ground 1 fails because the state court reasonably found a lack of prejudice and because Petitioner has not established deficient performance.

### B.  Ground 2

Second, reviewing the Ground 2 Objections *de novo*, the Court agrees with the Report and denies the Petition as to Ground 2. Petitioner alleges that trial counsel performed deficiently by failing to object to erroneous jury instructions on the charge of second degree murder, which was a lesser included crime on Count I of the indictment. Rep. at 25. The Report concludes that the state court, in ruling against Petitioner, did not expressly state whether the jury instructions were correct or whether Petitioner simply failed to meet her burden. *Id.* at 29. However, as the Report notes, the state court concluded that Petitioner's reliance on the case of *Hedgeman v. State*, 661 So. 2d 87 (Fla. 2d DCA 1995), was misplaced because *Hedgeman* reversed a conviction based on insufficient evidence, whereas here, Petitioner only alleges counsel failed to object to an erroneous jury instruction. *Id.* The Report concludes, and this Court agrees, it is not clear that *Hedgeman* establishes that the jury instructions in this case were erroneous, and the state court was not unreasonable in finding Plaintiff's reliance on *Hedgeman* misplaced. *Id.* In her Objections, Petitioner re-asserts the same arguments and avers that *Hedgeman* supports Petitioner's reading of Florida law. But the Court concludes that given the differences between *Hedgeman* and this case— namely that *Hedgeman* was reversed on the basis of insufficient evidence, not a failure to object to a misstatement of law—Petitioner's reliance on the case is misplaced.

Additionally, Petitioner objects to the Report's reliance on two cases: Justice Pariente's dissent in *Jamerson v. State*, 677 So. 2d 1299 (Fla. 4th DCA 1996) and *Wright v. State*, 402 So. 2d 493 (Fla. 3d DCA 1981). Petitioner argues that because a dissent is not binding, the *Jamerson* dissent cannot be used to assess a claim of ineffective assistance of counsel. Obj. at 6. Petitioner also argues that the facts in *Wright* are distinguishable from the facts of Petitioner's case because Defendant Wright was present at the scene of the shooting and Petitioner was not. *Id.* at 6–7. While the *Jamerson* dissent is not binding precedent, the Court agrees with the Report's use of its reasoning to demonstrate why it is appropriate for the second degree murder instruction to state that it is not necessary to prove intent to cause death, even when the defendant is being tried on a principal theory. *See* Rep. at 31. Likewise, the Court agrees with the Report's analysis regarding *Wright*—the case underscores that the jury in Petitioner's case could find the conscious intent requirement to be satisfied so long as Petitioner had a depraved mind or knew that one of the co-defendants had a depraved mind, even if Petitioner did not know of her co-defendant's premediated intent to kill. *Id.* at 32. Accordingly, after considering the arguments *de novo*, the Court adopts the Report's well-reasoned analysis on Ground 2.

C. Ground 3

Petitioner's objections regarding Ground 3 mirror the objections regarding Ground 2. For the same reasons, upon *de novo* review, the Court agrees with the Report and denies the Petition as to Ground 3. Petitioner's third ground for seeking habeas relief alleges that the jury rendered an inconsistent verdict by acquitting Petitioner of conspiracy to commit first degree murder while also finding her guilty of the lesser included crime of second degree murder as a principal. Rep. at 33. Petitioner argues that while trial counsel preserved the issue, appellate counsel was deficient by failing to raise the issue on direct appeal. *Id.* The Report recommends that the Court find there

is no truly inconsistent verdict here, and, whether there is a truly inconsistent verdict is a question of state law. *Id.* at 35.

Petitioner once again, in her Objections, relies on *Hedgeman v. State*, 661 So. 2d 87 (Fla. 2d DCA 1995). Petitioner's Objections simply state in a conclusory fashion that appellate counsel provided ineffective assistance by not raising the inconsistent jury verdict issue in Bilotti's direct appeal and that the appellate issue would have been successful and Bilotti's conviction and sentence for second-degree murder would have been vacated. Obj. at 8. This is not persuasive. Reviewing the Objections *de novo*, the Court agrees with the Report for the same reasons stated in Ground 2, and the Petition must also be denied as to Ground 3.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 13], is **AFFIRMED AND ADOPTED**.

2. Petitioner's Petition, [ECF No. 1], is **DENIED**.

3. Any request for a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right"); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that [] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted)). Further, an evidentiary hearing is **DENIED**.

4. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

5. This case is hereby **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of April, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE